[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 26, 2011
JOHN LEY
CLERK

No. 11-11497
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cv-00003-LGW-JEG

RAYMOND W. BROWN,

Plaintiff-Appellant,

versus

LUKE COLEMAN,
Georgia Dept. of Corrections
State Probation Office, et al.,

Defendants-Appellees,

CARL RENFROE,
Camden County Deputy Sheriff,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 26, 2011)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Raymond Brown appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against the defendants, in which he alleges that the defendants unlawfully made him register as, and published in a newspaper that he was, a sex offender based on his prior criminal conviction for aggravated child molestation. Brown argues that the state failed to prove venue at his underlying criminal trial, rendering his conviction invalid, and that the defendants violated his due process rights when they did not investigate the validity of his underlying conviction before classifying him as a sex offender.

The district court found that Brown's § 1983 claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that when judgment in favor of a plaintiff seeking damages in a § 1983 suit "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence," the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87. In other words, "the complaint must be dismissed unless the plaintiff can demonstrate

that the conviction or sentence has already been invalidated." *Id.* at 487.

A judgment in favor of Brown on his § 1983 claim would necessarily imply the invalidity of his underlying conviction for aggravated child molestation. Because Brown has not provided any evidence that this conviction has already been invalidated, the district court did not err in finding his claims barred by *Heck*. Accordingly, we affirm.

**AFFIRMED**